**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| DEBRA STEPHENSON, )<br>              Plaintiff, )<br>)<br>v. )<br>)<br>CENTER FOR LEARNING TREE INSTITUTE, )<br>f/k/a SOUTHEAST KANSAS EDUCATIONAL )<br>FOUNDATION, f/k/a )<br>GREENBUSH EDUCATIONAL FOUNDATION,)<br>)<br>and )<br>)<br>SOUTHEAST EDUCATION SERVICE )<br>CENTER, a/k/a GREENBUSH, a/k/a )<br>INTERLOCAL NO. 609, )<br>              Defendants. ) | No. 09-0712-CV-W-FJG |

# ORDER

Pending before the Court are (1) Plaintiff's Motion to Remand (Doc. No. 6); and (2) Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative for Improper Venue or Forum Non Conveniens (Doc. No. 2).

**I.  Background**

On September 8, 2009, defendants removed this case from the Circuit Court of Jackson County, Missouri, at Kansas City. See Doc. No. 1. Defendants indicated in their notice of removal that plaintiff's Amended Petition in state court asserts a claim under the Individuals with Disabilities Education Act, 28 U.S.C. § 1400 et seq., as well as a claim for a violation of federal common law. Thus, defendants indicated that a federal question is present, making this case removable under 28 U.S.C. § 1331.[1]

In plaintiff's amended petition (See Doc. No. 1, Ex. A), plaintiff alleges that she was subject to retaliation, including non-renewal of her employment contract, by defendants

---

[1]Notably, both plaintiff and defendants appear to be citizens of the state of Kansas, and therefore diversity jurisdiction is not present.

after making a formal written complaint with the Kansas State Department of Education that defendants or their agent(s) had demanded that plaintiff draft IEPs for students that she did not work with or know. Plaintiff alleges that on March 23, 2009, the Kansas State Department of Education issued a formal report regarding plaintiff's complaint, finding that defendants had violated the law and demanding that defendants take immediate measures to ensure that no further violations occurred. See Amended Petition, Doc. No. 1, Ex. A, ¶ 28. Plaintiff's amended petition includes a cause of action for state-law wrongful termination in violation of state and federal public policy (Amended Petition, Doc. No. 1, Ex. A, ¶¶ 31-38), and for punitive damages (Amended Petition, Doc. No. 1, Ex. A, ¶¶ 39-41).

Plaintiff's wrongful termination claim alleges that defendants "directed Plaintiff to violate 20 U.S.C. § 1414(d), 34 C.F.R. 300.321(a)(3), 34 C.F.R. 300.307, K.S.A. 72-962(u), K.S.A. 72-986 (I), and K.A.S. 91-40-8." Amended Petition, Doc. No. 1, Ex. A, ¶ 34. Plaintiff alleges that she refused to obey defendants' illegal directive. Id. Plaintiff further alleges that defendants' "conduct in directing Plaintiff to violate 20 U.S.C. § 1414(d), 34 C.F.R. 300.321(a)(3), 34 C.F.R. 300.307, K.S.A. 72-962(u), K.S.A. 72-986(I), and K.A.R. 91-40-8 . . . violates the public policy of the State of Kansas, the public policy of the State of Missouri, and the public policy of the United States as established in 34 C.F.R. 300.321, as well as the Individuals with Disabilities Education Act and related state statutes." Amended Petition, Doc. No. 1, Ex. A, ¶38.

## II.     Motion to Remand (Doc. No. 6)

Plaintiff argues that remand is appropriate in this matter, as plaintiff did not allege a federal question nor is diversity jurisdiction present. Although defendants stated in the notice of removal that plaintiff was seeking damages for defendants' violation of the IDEA, plaintiff states that she is only seeking damages for state law wrongful termination. Plaintiff further argues that a resolution of a substantial question of federal law is not required for

2

disposition of this matter, and that the case should be remanded to the Circuit Court of Jackson County, Missouri.

    A.    <u>Standard</u>

As the parties removing this action, defendants have the burden of establishing federal jurisdiction. <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936); <u>Hartridge v. Aetna Casualty & Surety Co.</u>, 415 F.2d 809, 814 (8th Cir. 1969); <u>Sullivan v. First Affiliated Secs. Inc.</u>, 813 F.2d 1368 (9th Cir. 1987), cert. denied, 484 U.S. 850 (1987). Moreover, all doubts about removal must be resolved in favor of remand because removal statutes are strictly construed against removal. <u>See</u> <u>Shamrock Oil and Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." <u>State of Missouri ex rel. Pemiscot County, Missouri v. Western Sur. Co.</u>, 51 F.3d 170, 173 (8th Cir. 1995); <u>In re Business Men's Assurance Co. of Am.</u>, 922 F.2d 181, 183 (8th Cir. 1978) (per curiam).

Removal of an action from a state court to a federal court is proper if the case originally could have been brought in federal court. 28 U.S.C. § 1441(a). Federal question jurisdiction depends upon whether the "action arise[s] under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Under the "well-pleaded complaint rule," courts examine the face of the complaint to determine whether any claim arises under federal law. <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). This rule means plaintiffs generally may avoid federal jurisdiction if they rely exclusively upon state law. <u>Id.</u> It is permissible for plaintiffs who may have a viable federal claim to choose not to pursue that claim. <u>Id.</u>; <u>see</u> <u>also</u> <u>First Federal Savings & Loan v. Anderson</u>, 681 F.2d 528, 533-34 (8th Cir. 1982) (plaintiffs' claims must present a federal question "unaided by anything alleged in anticipation of avoided defenses"). Furthermore, "[d]efendants are not permitted to inject a federal question into an otherwise state law claim and thereby transform the

3

action into one arising under federal law." Central Iowa Power Coop v. Midwest Transmission System Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009) (internal quotations and citations omitted).

> When state law creates the cause of action, original federal jurisdiction is unavailable unless it appears that some substantial disputed question of federal law is a necessary element of one of the well-pleaded state claims or that one or the other claim is really one of federal law.

McNeil v. Franke, 171 F.3d 561, 564 (8th Cir. 1999) (internal quotations and citations omitted).

The corollary to the well-pleaded complaint rule, however, is the "complete preemption rule." "The complete preemption doctrine holds that when congress intends the preemptive force of a statute to be so extraordinary that it completely preempts an area of state law, any claim purportedly based on that preempted state law is considered from its inception, a federal claim, and therefore arises under federal law." Doe v. Norwest Bank Minnesota, N.A., 107 F.3d 1297, 816 (8th Cir. 1997) (quoting Caterpillar, 482 U.S. at 393). The "complete preemption" rule applies only in limited circumstances.

B. Analysis

Plaintiff argues, and this Court agrees, that the only cause of action pled in plaintiff's Amended Petition is a state wrongful termination claim.[2] Plaintiff states that the mere fact that defendants violated the public policy of the state as well as that of the federal government does not raise a substantial federal question, and that plaintiff's right to relief does not depend on the resolution of a substantial question of federal law.

In contrast, defendants assert that plaintiff's allegation that she was wrongfully discharged for refusing to violate federal law raises a substantial federal question.

---

[2] It is unclear, however, which state's law controls. Although plaintiff's case was originally filed in the Circuit Court of Jackson County, Missouri, all parties appear to be located in the state of Kansas, and all the underlying events appear to have taken place in Kansas. Therefore, the Court will analyze the issues presented under both Kansas and Missouri law, without deciding any choice of law issues.

4

Defendants notes, "The public policy exception to the at-will employment doctrine requires proof of a violation of a constitutional provision, a statute, a regulation, or other clear mandate of public policy."  Porter v. Reardon Mach. Co., 962 S.W.2d 932, 938 (Mo. App. 1998).  Defendants argue that this means that plaintiff must prove that defendants violated the IDEA and the cited federal regulations, and thus substantial questions of federal law must be decided before determining whether plaintiff has a cause of action under the Missouri or Kansas public policy exception to the at-will employment doctrine.

In her reply suggestions, plaintiff indicates that when an allegation of wrongful termination under state law is made, there is no need to prove an actual violation of the law, only a reasonable belief by the complainant that there was a violation of the law. See Kelly v. Bass Pro Outdoor World, LLC, 245 S.W.3d 841, 847 (Mo. App. E.D. 2007)(noting that "an employee who has a reasonable belief that illegal activity is taking place should be able to report such a belief to his or her supervisors without fear of termination."); Lay v. Horizon/CMS Healthcare Corp., 60 F.Supp.2d 1234, 1242 (D. Kan. 1999)(noting that Kansas provides a cause of action for wrongful/retaliatory discharge to employees who make a good faith report or threat to report a serious infraction of rules, regulation, or law).  Additionally, plaintiff notes that there is no real dispute that defendants violated the IDEA and related state statutes, in that the state of Kansas has already determined that they did so, reprimanding defendants for same.  See Doc. No. 7, Ex. A.

The Court agrees with plaintiff that this case does not pose a substantial federal question.  The Kansas and Missouri cases cited by plaintiff demonstrate that plaintiff's reasonable belief that the IDEA was violated is all that is material; whether the IDEA was actually violated is immaterial and will not require resolution of federal law.  Furthermore, the Court agrees that whether the IDEA was violated should not be a disputed federal question, as the Kansas State Department of Education has already reached a conclusion as to this issue.  No other federal questions are present on the face of plaintiff's Amended

5

Petition. Therefore, plaintiff's motion to remand (Doc. No. 6) will be **GRANTED**. However, the Court will decline plaintiff's request for her attorney's fees and other expenses.

### III. Motion to Dismiss (Doc. No. 2).

As the Court has found that this case should be remanded to state court, this motion will be **DENIED AS MOOT.**

### IV. Conclusion

Therefore, for the foregoing reasons:

(1) Plaintiff's Motion to Remand (Doc. No. 6) will be **GRANTED**;

(2) Defendant's Motion to Dismiss (Doc. No. 2) will be **DENIED AS MOOT**;

(3) This case is **REMANDED** to the Circuit Court of Jackson County, Missouri, at Kansas City. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri as required by 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated: 11/23/09
Kansas City, Missouri

**/S/FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge